IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARYL A. ROYSTER
        Plaintiff,

vs.                                                                3:06cv151/MCR/MD

DEPARTMENT OF REVENUE, et al.
        Defendants.

---

ORDER and
REPORT AND RECOMMENDATION

      This cause filed pursuant to Title 28 U.S.C. § 1331 or 1346 or 42 United States Code Section 1983 is presently before the court on plaintiff's civil rights complaint (doc. 1) and motion for leave to proceed *in forma pauperis*. (Doc. 2). Leave to proceed *in forma pauperis* will be granted for the purpose of this recommendation.[1]

      Since plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the "action or appeal" is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact."

---

[1] The court notes that the allegations in the affidavit of indigency are incomplete and lacking in credibility when read in conjunction with the complaint. Plaintiff indicates that he is not currently employed, although he was employed as late as January of this year. He indicates that he has no cash on hand, and no sources of income whatsoever, but that he has credit cards. He has not answered the question pertaining to money in a bank or savings and loan institution, and he also has failed to answer the question regarding monthly rent on his home or apartment.

*Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). "[T]he statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground may be ordered when the legal theories are "indisputably meritless," or when the claims rely on factual allegations that are "clearly baseless." *Id.* at 327, 109 S.Ct. at 1833; *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992); *Williams v. Secretary for Department of Corrections,* 2005 WL 1130351 (11th Cir. 2005) (citing *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam) (internal quotations omitted)).

Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.*, 120 F.3d 1390, 1393 (11th Cir. 1997). The complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that plaintiff has not presented an actionable claim and that sua sponte dismissal is therefore warranted. *Vanderberg v. Donaldson,* 259 F.3d 1321, 1323 (11th Cir. 2001).

The pro se plaintiff, a regular litigant in this court, alleges that his civil rights were violated when his 2006 tax refund in the amount of $2,638 was sent to the Office of Child Support Enforcement to offset overdue child support obligations. Plaintiff claims that only 65% of the tax refund should have been confiscated, citing title 15 U.S.C. § 1673 in support of his claim. This statute, which governs restrictions on garnishment is inapplicable to the plaintiff's situation, as it applies to an individual's "earnings." "Earnings" are defined in title 15 U.S.C. § 1672 as "compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic

payments pursuant to a pension or retirement program." In *Kokoszka v. Belford*, 417 U.S. 642, 651, 94 S.Ct. 2431, 2436, 41 L.Ed.2d 374 (1974), a taxpayer claimed that an income tax refund was exempt from garnishment under bankrutpcy law, citing 15 U.S.C. § 1672 and § 1673.  The Supreme Court approved the decision of the lower court which had held that "[T]he terms 'earnings' and 'disposable earnings,' as used in 15 U.S.C. §§ 1672, 1673... [are] limited to 'periodic payments of compensation and [do] not pertain to every asset that is traceable in some way to such compensation.'" 94 S.Ct. at 2436 (citing *In re Kokoszka*, 479 F.2d 990, 997 (2nd Cir. 1973).  The Court stated that the Second Circuit's reasoning was "fully supported by the legislative history. There is every indication that Congress, . . . sought to regulate garnishment in its usual sense as a levy on periodic payments of compensation needed to support a wage earner and his family on a week-to-week, month-to-month basis."  *Id.*; See 1968 U.S.Code Cong. and Adm.News 1962, 1978, 1979; see also *In re Sinclair,* 417 F.3d 527 (5th Cir. 2005); *In re Wallerstedt*, 960 F.2d 630 (8th Cir. 1991); *In re Annis*, 232 F.3d 749 (10th Cir. 2000); *Pallante v. International Venture Investments, Inc.,* 622 F. Supp. 667 (D.C. Oh. 1985).  Clearly, then, plaintiff's tax refund is not encompassed within this definition, and there has been no violation of plaintiff's rights under this statute.

Plaintiff also makes a completely unrelated claim alleging that the Florida Department of Highway Safety and Motor Vehicles is unlawfully holding his driver license. He makes reference to there being a "mistake," that he was not granted custody of his children, but was ordered to pay child support.  The relevance of the fact that he was not granted custody of his children is unclear.  However, to the extent plaintiff may attempt to claim a constitutional violation because his driving privileges have been suspended, he has failed to state a claim.  Driving privileges in the state of Florida are just that, privileges, and they may be revoked or suspended for a wide variety of reasons, including delinquency in payment of child support.  See § 322.058, Florida Statutes (suspension of driving privileges due to support delinquency); *see also, e.g.,* § 322.055, Florida Statutes (revocation or suspension of, or delay of eligibility for, driver's license for persons 18 years of age or older convicted of certain drug offenses); § 322.26, Florida Statutes (mandatory revocation of

license by department upon conviction of certain offenses); § 322.27, Florida Statutes (authority of department to suspend or revoke license). Therefore, plaintiff has failed to state a constitutional claim with respect to this claim as well.

As plaintiff cannot successfully bring his action as a violation of 42 U.S.C. § 1983, the court is satisfied that plaintiff's complaint lacks an arguable basis in law or fact and that it fails to state a claim.

Accordingly, it is ORDERED:

Plaintiff's motion to proceed *in forma pauperis* (doc. 2) is GRANTED.

And it is respectfully RECOMMENDED:

That this cause be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

At Pensacola, Florida, this 17th day of April, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).